|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA |
| JAY CAPONE, | CASE NO.: |
| Plaintiff, |  |
| vs. |  |
| BROCK SERVICES OF TEXAS, LLC a/k/a BROCK SERVICES, LLC, |  |
| Defendant. _____/ |  |

## COMPLAINT

COMES NOW, Plaintiff, JAY CAPONE (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, BROCK SERVICES OF TEXAS, LLC a/k/a BROCK SERVICES, LLC, and alleges as follows:

## INTRODUCTION

1. This is a proceeding for compensatory damages, punitive damages, and costs and attorneys' fees to remedy discrimination based upon race and color, affecting the terms, conditions and privileges of employment, and to redress the deprivation of rights secured to the Plaintiff under Title VII of the Civil Rights Title VII of 1964, 42 U.S.C. §§2000e, et seq., as amended ("Title VII").

## JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to the Title VII.

3. Venue is proper as all claims asserted herein arose in Orange County.

4. At all times material hereto, the Plaintiff was/is a citizen of the United States, a resident of Orange County, Florida, sui juris, and an employee or former employee of the Defendant.

5. At all times material hereto, the Plaintiff was and continues to be a dark skinned,

African-American male, and is a member of a protected class within the meaning of the Title VII.

6. At all times material hereto, the Plaintiff was an employee within the meaning of the Title VII.

7. At all times material hereto, the Defendant, upon information and belief, was a Florida corporation doing business in Palm Beach County, an employer or former employer of the Plaintiff, and was, and is, an employer within the meaning of the Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. The Plaintiff has fulfilled all conditions precedent to the institution of this action.

## STATEMENT OF FACTS

9. The Plaintiff, Caucasian, was an employee of the Defendant since June of 2008, as a Forman and was a satisfactory employee.

10. Plaintiff worked at the Defendant's Cocoa location, while there was a larger location in Orlando.

11. Plaintiff essentially ran the Cocoa location, but was informed that he needed to go to the Orlando location for several months while his location was under construction.

12. While at the Orlando location, Plaintiff had numerous issues with the employee who ran the plant, Mirriza Madina.

13. Madina, non-Caucasian, would repeatedly make comments to Plaintiff, such as, "you think you're special because you are white" and other comments of that nature.

14. Being that Plaintiff was the only white employee at this location, he suspected he may be being treated discriminatorily.

15. On one occasion, an employee hit a steam pipe while Plaintiff was at the other end of the plant, and Plaintiff had not heard anything about this incident until 45 minutes later.

16. The following day, Plaintiff was written up by Madina for this trivial act of not reporting the accident to her when it happened.

17. This was despite Plaintiff informing her that he had not heard about the incident.

18. Three weeks later, Madina terminated Plaintiff for this same incident.

19. This was despite Plaintiff working for 8 years for the Defendant with no write-ups or warnings until this incident.

## COUNT I
## TITLE VII --- RACE DISCRIMINATION

20. The Plaintiff incorporates by reference paragraphs 1- 19 herein.

21. The Defendant discriminated against the Plaintiff in the terms and conditions of his employment, harassed the Plaintiff, and otherwise denied the Plaintiff job opportunities because of his race.

22. The unlawful discriminatory actions by the Defendant and its agents and employees, as set forth herein, were and are intentional, willful, malicious and with gross disregard for the Plaintiff's rights, and violate the Title VII.

23. As a direct and proximate result of the Defendant's unlawful and discriminatory treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a. Damage to reputation, confidence and self-esteem;

    b. Loss of past and future income;

    c. Loss of future earning capacity;

    d. Loss of other fringe benefits;

    e. Stress, anxiety and emotional distress;

      f.      Significant past and future pain and suffering; and

      g.      Other financial losses.

24.     The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

WHEREFORE, the Plaintiff, JAY CAPONE, requests that judgment be entered against the Defendant BROCK SERVICES OF TEXAS, LLC a/k/a BROCK SERVICES, LLC, for damages, including compensatory, consequential, and punitive, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II
## TITLE VII --- COLOR DISCRIMINATION

25.     The Plaintiff incorporates by reference paragraphs 1- 19 herein.

26.     The Defendant discriminated against the Plaintiff in the terms and conditions of his employment, harassed the Plaintiff, and otherwise denied the Plaintiff job opportunities because of his color.

27.     The unlawful discriminatory actions by the Defendant and its agents and employees, as set forth herein, were and are intentional, willful, malicious and with gross disregard for the Plaintiff's rights, and violate the Title VII.

28.     As a direct and proximate result of the Defendant's unlawful and discriminatory treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

      a.      Damage to reputation, confidence and self-esteem;

      b.      Loss of past and future income;

   c. Loss of future earning capacity;

   d. Loss of other fringe benefits;

   e. Stress, anxiety and emotional distress;

   f. Significant past and future pain and suffering; and

   g. Other financial losses.

29. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

WHEREFORE, the Plaintiff, JAY CAPONE, requests that judgment be entered against the Defendant BROCK SERVICES OF TEXAS, LLC a/k/a BROCK SERVICES, LLC, for damages, including compensatory, consequential, and punitive, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury of all issues triable as of right by a jury.

Dated: September 1, 2016.   Respectfully submitted,

             Law Offices of Levy & Levy, P.A.
             915 Middle River Drive, Suite 518
             Ft. Lauderdale, Florida  33304
             Telephone: (954) 763-5722
             Facsimile: (954) 763-5723
             Email: chad@levylevylaw.com
             Service Email: assistant@levylevylaw.com
             *Counsel for Plaintiff*


             */s/ Chad Levy*
             CHAD E. LEVY, ESQ.
             F.B.N.: 0851701